**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS E. BELTRAN,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>COUNTY OF LOS ANGELES, a political subdivision of the State of California; et al.,<br><br>    Defendants - Appellees. | No. 08-56007<br><br>D.C. No. 2:07-cv-00731-GAF-JWJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted October 6, 2010[**]
Pasadena, California

Before: HALL, FISHER, and BYBEE, Circuit Judges.

Thomas Beltran timely appeals from the district court's summary judgment in

his 42 U.S.C. § 1983 action alleging that Los Angeles County Sheriff Deputies Salim

---

   [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Aimaq and Penelope Armstrong falsely arrested him, detained him for an excessive period of time, and used excessive force against him. The district court held that the undisputed evidence showed that no constitutional violations occurred and that the deputies acted reasonably in detaining Beltran. We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291, and we affirm.

The facts of this case are known to the parties and we need not repeat them.

Beltran may prevail on his false arrest claim if the deputies lacked probable cause to arrest him. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). Probable cause exists if, "under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the arrested person] had committed a crime." *Beier v. City of Lewiston*, 354 F.3d 1058, 1065 (9th Cir. 2004). Undisputed evidence in the record shows that the deputies had probable cause to arrest Beltran for burglary, having seen him carrying things out of a house the deputies believed no one was permitted to enter, and which Beltran admitted entering through a window. Thus, there was no genuine issue of material fact as to the false arrest claim and summary judgment was appropriate.

Summary judgment was also proper for Beltran's excessive detention claim. A detention, although initially appropriate, may be too long in duration to be justified

as an investigative stop. *See United States v. Sharpe*, 470 U.S. 675, 686 (1985). Whether a detention is too long is determined by examining "whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant." *Id.*; *see also Gallegos v. City of Los Angeles*, 308 F.3d 987, 992 (9th Cir. 2002). The evidence viewed in the light most favorable to Beltran shows that the deputies were diligently pursuing their investigation throughout the time Beltran was detained. Beltran's statements to the deputies that he was an attorney for the co-administrator of the estate did not amount to exonerating evidence that stripped the deputies of probable cause or eliminated Beltran as a burglary suspect. Even if the deputies believed these statements, as Beltran alleges, the statements would have established only that Beltran was an attorney for the co-administrator—not that he was not committing burglary. Detaining Beltran after he made these statements, therefore, was not excessive.

Finally, "[i]t is well-established that overly tight handcuffing can constitute excessive force." *Wall v. County of Orange*, 364 F.3d 1107, 1112 (9th Cir. 2004). Beltran's claim against the deputies for excessive force is analyzed under the Fourth Amendment's "objective reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386, 388 (1989). This standard requires an evaluation of the officers' conduct from

the perspective of a reasonable officer on the scene. *Id.* at 396–97. Beltran was not subjected to excessive force because, given the undisputed facts, it was objectively reasonable for the deputies to finish their initial investigation of the residence and to clear the area before addressing Beltran's complaints about his handcuffs being too tight. After finishing their initial investigation, the deputies properly loosened Beltran's handcuffs twice, when asked. Summary judgment was therefore proper.

**AFFIRMED**.